# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| The Trustees of the Sheet Metal Local #10 Control Board Trust Fund, | Civil No. 09-1269 (DWF/JJK) |
| Plaintiffs, | |
| v. | **ORDER FOR DEFAULT JUDGMENT AND INJUNCTION PURSUANT TO FED. R. CIV. P. 54(b)** |
| Complete Comfort Heating & Air Conditioning, Inc., | |
| Defendant. | |

Amy L. Court, Esq., Carl S. Wosmek, Esq., and Michael P. Eldridge, Esq., McGrann Shea Carnival Straughn & Lamb, Chtd., counsel for Plaintiff.

This matter came on for hearing before the undersigned on October 23, 2009 on Plaintiffs' Motion for Default Judgment and Injunction pursuant to Rules 54, 55, and 65 of the Federal Rules of Civil Procedure. Michael P. Eldridge of McGrann Shea Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendant.

The Court makes the following findings:

1. Plaintiffs filed a Summons and Complaint in this matter on June 1, 2009. Defendant was personally served with the Summons and Complaint in this matter on June 2, 2009.

2. Defendant failed to file and serve a response or Answer to the Summons and Complaint.

3. The Clerk entered default on June 24, 2009.

4. Plaintiffs are Trustees of the Sheet Metal Local #10 Control Board Trust Fund ("Fund").

5. The Fund is a multi-employer jointly-trusteed fringe benefit plan created and maintained pursuant to ERISA § 3 (37)(A), 29 U.S.C. § 1002 (37)(A).

6. The Fund is a clearinghouse for a number of multi-employer fringe benefit plans established to provide pension, health and welfare, vacation, industry and training funds and other benefits to employees pursuant to the terms of various Collective Bargaining Agreements.

7. At all times material herein, Defendant Complete Comfort Heating & Air Conditioning, Inc. ("Complete Comfort") was bound to a Collective Bargaining Agreement between the Commercial Subdivision of the Twin Cities Division of Sheet Metal and Roofing Contractors Association ("SMARCA") and Sheet Metal Workers Local No. 10 with a term of May 1, 1999 to April 30, 2002.

8. The Collective Bargaining Agreement contains an evergreen clause which provides as follows:

> This Agreement shall become effective on the 1st day of May, 1999, and shall remain in full force and effect until the 30th day of April, 2002, and shall continue in force from year to year thereafter, unless written notice of reopening is given not less than ninety (90) days prior to the expiration date. In the event such notice of reopening is served, this Agreement shall

continue in force and effect until conferences relating thereto have been terminated by either party.

9. On January 2, 2009, the Union provided Complete Comfort with written notice of reopening of the Collective Bargaining Agreement.

10. On April 30, 2009 Complete Comfort terminated conferences with the Union relating to the negotiation of a new agreement.

11. Complete Comfort was bound to the Collective Bargaining Agreement until April 30, 2009.

12. The Collective Bargaining Agreement requires Complete Comfort to submit contributions to pension, health and welfare, vacation, industry and training funds in the amount per hour specified in the Collective Bargaining Agreement for each hour worked employees covered by the Collective Bargaining Agreement.

13. The Collective Bargaining Agreement requires Complete Comfort to set forth the amount due and owing for contributions on a report form to be submitted to the Fund with Complete Comfort's monthly payment.

14. The Collective Bargaining Agreement incorporates by reference the Restated Declaration of Trust for the Sheet Metal Local No. 10 Control Board Trust Fund ("Trust Agreement") and states that all contributions shall be paid in accordance with the Trust Agreement.

15. The Collective Bargaining Agreement and the Trust Agreement require Complete Comfort to submit the report and payment to the Fund by the tenth day of the

following month for which the contributions are due. Any employer whose report and contributions are not received by the Fund within five days after the tenth, or the first working day thereafter, is delinquent.

16. Complete Comfort breached the terms of the Collective Bargaining Agreement by failing to submit the report or the contributions for the month of April, 2009.

17. Upon information and belief Complete Comfort employed individuals during the month of April, 2009 for which contributions are be due and owing.

18. Without the report, the Fund has no way of determining the amount due to the Fund on behalf of Complete Comfort's employees for the month of April, 2009.

19. The Fund has no adequate remedy at law to redress Complete Comfort's failure to submit the fringe benefit report for April, 2009.

20. The Collective Bargaining Agreement and the Trust Agreement state that delinquent employers are subject to a liquidated damages assessment equal to ten percent of the contributions due and owing for the month. However, if the delinquent contributions, together with the liquidated damages assessment, are not received by the Fund on or before the tenth day of the next month, the liquidated damages assessment increases to twenty percent.

21. The Collective Bargaining Agreement states that any attorney fees incurred in the collection of contributions shall be payable by the delinquent employer. Likewise, the Trust Agreement states that the reasonable costs and attorney fees incurred by the

Fund in collecting or attempting to collect delinquent contributions shall be paid by the delinquent employer.

22. Complete Comfort is in default and the Fund is entitled to entry of a default judgment.

23. Complete Comfort is liable, in an amount to be determined, for all fringe benefit contributions and associated liquidated damages for the month of April, 2009.

24. Complete Comfort is liable, in an amount to be determined, for the Fund's reasonable attorney fees and costs incurred in pursuing the delinquent contributions.

25. Awarding injunctive relief to enforce the Fund's right to the fringe benefit reports will serve the public interest.

26. Complete Comfort will suffer no harm if ordered to submit the fringe benefit reports.

27. The Fund is entitled to injunctive relief and are not required to provide security pursuant to Fed. R. Civ. P. 65(c) because no harm will befall Complete Comfort.

28. Because the Fund's right to the fringe benefit reports is separate and independent from their right to collect contributions, and because an injunction enforcing the Fund's right to the fringe benefit report is a necessary first step in determining the amount of contributions due and owing, there is no just reason for delaying entry of judgment on the requested injunction. The Court will therefore order entry of judgment as to the Fund's request for injunctive relief under Fed. R. Civ. P. 54(b).

# ORDER

Based on the foregoing, and on all the files, records, and proceedings, herein **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion for Default Judgment and Injunction (Doc. No. 8) is **GRANTED**.

2. Complete Comfort is **ORDERED** to submit the fringe benefit report for the month of April, 2009 correctly identify the hours worked by its employees pursuant to the Collective Bargaining Agreement.

3. Complete Comfort must submit the required reports to the Fund at 1681 Cope Avenue, Suite B, Maplewood, MN 55109-2631 within ten (10) days of the date on which it is served with a copy of this Order.

4. There being no just reason for delay, the Court orders entry of judgment on the foregoing injunction pursuant to Fed. R. Civ. P. 54(b).

5. The Court further **DECLARES** that Complete Comfort is liable to the Funds for:

    a. Delinquent contributions and liquidated damages due and owing for the month of April, 2009 pursuant to the Collective Bargaining Agreement; and

    b. The Fund's reasonable attorney fees and costs incurred in pursuing delinquent contributions.

6. The Court will determine the amount of contributions, liquidated damages, and attorney fees and costs as follows:

    a. After receiving the fringe benefit reports, the Fund may file and serve a Motion for Entry of a Money Judgment in the amount the Funds determine that Complete Comfort owes for delinquent contributions and liquidated damages for the month of April, 2009 as well as reasonable attorney fees and costs.

    b. Complete Comfort may then file and serve a response to the Fund's Motion within ten (10) days of the date the Fund's Motion is served.

    c. The Court will examine the parties' submissions and issue an order for judgment as the Court deems appropriate. No hearing will be held unless the Court orders otherwise.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 23, 2009                    s/Donovan W. Frank
                                              DONOVAN W. FRANK
                                              United States District Judge